# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF JOHN BUTLER, DECEASED BY SHERRI POMROY, EXECUTOR** | CIVIL ACTION |
| Plaintiff, | No. 24-1416 |
| v. | |
| **CITY OF PHILADELPHIA, et al.,** | |
| Defendants | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants Adam Trush and Michael Fahy's Motion to Dismiss the Complaint, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the Complaint is **DISMISSED** as to Defendants Trush and Fahy.

BY THE COURT:

_____
, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF JOHN BUTLER, DECEASED BY SHERRI POMROY, EXECUTOR** : : : **Plaintiff,** : : v. : : **CITY OF PHILADELPHIA, et al.,** : : **Defendants** : : | **CIVIL ACTION** **No. 24-1416** |

### DEFENDANTS ADAM TRUSH AND MICHAEL FAHY'S
### MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants Adam Trush and Michael Fahy hereby move to dismiss the Complaint against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request this Court dismiss the claims asserted against them in accordance with the attached proposed order or grant such other relief it deems just.

Date: May 23, 2024                                              Respectfully submitted,

                                                                 /s/ Andrew F. Pomager
                                                                Andrew F. Pomager
                                                                Div. Deputy City Solicitor
                                                                Pa. Attorney ID No. 324618
                                                                City of Philadelphia Law Department
                                                                1515 Arch Street, 14th Floor
                                                                Philadelphia, PA 19102
                                                                215-683-5446 (phone)
                                                                215-683-5397 (fax)
                                                                andrew.pomager@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF JOHN BUTLER, DECEASED BY SHERRI POMROY, EXECUTOR | : <br> : <br> : CIVIL ACTION <br> : No. 24-1416 |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| CITY OF PHILADELPHIA, et al., | : <br> : |
| Defendants | : <br> : |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS ADAM TRUSH AND MICHAEL FAHY'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

The Court should dismiss the Complaint against Defendants Adam Trush and Michael Fahy are statutorily-immune from the negligence claim asserted against them and allege a non-existent cause of action "reckless disregard of safety." Additionally, Michael Fahy was added beyond the statute of limitations and should be dismissed on that ground as well.

**I.    BACKGROUND**

This action arises from the death of John Butler on October 29, 2021, while in Philadelphia police custody. See Compl., Phila. C.C.P. No. 231003264, at ¶¶ 6–33 (ECF No. 1-4). Plaintiff Sherri Pomroy, the executor of the Estate of John Butler, has sued moving Defendants Philadelphia Police Officer Adam Trush and Philadelphia Police Detective Michael Fahy, who had some responsibilities related to Mr. Butler's detention. See id. at ¶¶ 1–33. In a separate, now consolidated complaint, Plaintiff also sues non-moving Defendant the City of Philadelphia. See Compl., Phila C.C.P. No. 230901464 (ECF No. 1-6).

On March 7, 2022, Plaintiff filed a Praecipe to Issue a Writ of Summons to initiate the action against the City of Philadelphia and John Doe. See Pr. Issue Writ, Phila. C.C.P. No.

220300767 (ECF No. 1-1). On September 15, 2023, Plaintiff filed, under a separate docket, another Praecipe to Issue a Writ of Summons against the City of Philadelphia. See Pr. Issue Writ, Phila. C.C.P. No. 230901464 (ECF No. 1-2). On October 30, 2023, Plaintiff filed another Praecipe to Issue a Writ of Summons, under a third docket, naming several individual defendants, including Officer Trush, but not Detective Fahy. See Pr. Issue Writ, Phila. C.C.P. No. 231003264 (ECF No. 1-3). On February 26, 2024, Plaintiff filed the complaint in the third action, removing all of the individual defendants except for Officer Trush, and adding Detective Fahy. See Compl., Phila. C.C.P. No. 231003264 (ECF No.1-4).

As alleged in the Complaints, Mr. Butler was arrested on an out-of-jurisdiction warrant on October 27, 2021 at about 6:00 p.m. and brought to the 25th District Divisional Booking Center (DBC). Compl., Phila. C.C.P. No. 231003264, at ¶¶ 6–10 (ECF No. 1-4). Ms. Pomroy—apparently present at the arrest—told the arresting officers (not the moving defendants), that Mr. Butler was addicted to drugs. Id. at ¶ 9. Sgt. Richard Lineman suspected Mr. Butler was impaired and conducted a field sobriety test. Id. at ¶ 11. Mr. Butler was placed in a cell alone. Id. at ¶ 12. On October 29, 2021, Det. Fahy went to Mr. Butler's cell at approximately 11:45 a.m. Id. at ¶¶ 17–18. Mr. Butler had taken drugs at the time of his arrest. Id. at ¶ 20. Mr. Butler's appearance should have indicated to Det. Fahy he was in need of medical attention. Id. at ¶ 24. Det. Fahy also observed vomit and smashed up sandwiches in the cell. Id. at ¶ 22.

Officer Trush arrived at the DBC in a guard role at about 2:00 p.m. and was the only person on duty. Id. at ¶ 25. The Complaint seems to allege Officer Trush either failed to do any tours, which are required every 15-30 minutes, or failed to do sufficient tours, including one at 4:30 p.m., when he claimed to have seen Mr. Butler alert or in good health. See id. at ¶¶ 26–29.

Another Officer arrived at the DBC and, at about 6:00, found Mr. Butler unresponsive. Id. at ¶¶ 31–33. Mr. Butler died with the reported cause of death as drug intoxication. Id. at ¶ 34.

In Count I against Officer Trush and Detective Fahy, Plaintiff alleges "the tort of reckless disregard of safety, § 500, 2 Restatement of Torts, 2d." Id. at ¶ 52. In Count II against Officer Trush and Detective Fahy, Plaintiff alleges "Negligent Undertaking to Render Services to Protect Others, Negligent Infliction of Emotional Distress, & Gross Negligence." See id. at ¶¶ 55–59. (In Count I against the City in the separate complaint, Plaintiff alleges simply a "Federal Constitutional Claim," wherein the City, "with deliberate indifference, failed to establish policies, practices, procedures, and training regarding the treatment of arrestees suffering from drug overdose in the Divisional Booking Center." See Compl., Phila. C.C.P. No. 230901464, at ¶¶ 54–55 (ECF No. 1-6)).

## II. ARGUMENT

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

**A.   The Court Should Dismiss Plaintiff's Claims Against Detective Fahy Because They Were Raised After the 2-Year Statute of Limitations**

Courts may grant a motion to dismiss for failure to state a claim based on the statute of limitations. See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). In Pennsylvania, personal injury actions "founded on negligent, intentional, or otherwise tortious conduct" are subject to a two-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5524(1), (7); see also Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

Detective Fahy was only named as a defendant upon the filing of the Complaint in the third consolidated state-court action on February 26, 2024. Because the allegations in the Complaint concern the death of Mr. Butler on October 29, 2021, Detective Fahy has been sued 3 months after the 2-year statute of limitations passed. Accordingly, the action should be dismissed against Detective Fahy.

**B.   The Court Should Dismiss Count I, Reckless Disregard of Safety, Because It is Not a Distinct Tort**

Reckless disregard of safety refers to a degree of care; it does not give rise to a tort distinct from negligence. Archibald v. Kemble, 917 A.2d 513, 519 (Pa. Super. 2009); Jones v. City of Philadelphia, No. 08-3336, 2011 WL 710212, at *5 (E.D. Pa. Feb. 25, 2011) ("This claim sounds in negligence . . ."). Reckless disregard of safety, as that standard is described in the Restatement (Second) of Torts § 500, is subsumed within a negligence cause of action. See Archibald, 917 A.2d at 519. Because Plaintiff has separately pled negligence in Count II, Count I should be dismissed as failing to allege a distinct cause of action recognized by Pennsylvania (or, for that matter, federal) law.

### C. Defendants are Immune from Plaintiff's Claims Pursuant to the Political Subdivision Tort Claims Act

The Pennsylvania Political Subdivision Tort Claims Act provides that "[a]n employee of a local agency is liable for civil damages . . . caused by acts of the employee which are within the scope of his office or duties *only* to the same extent as his employing local agency . . ." 42 Pa. Cons. Stat. Ann. § 8545 (emphasis added). Local agencies—and therefore their employees—are immune from liability, § 8541, except for negligent conduct falling within nine enumerated exceptions. See § 8542 (identifying exceptions to governmental immunity not applicable here, such as vehicle or premises liability). Moreover, the Tort Claims Act immunizes individual public servants from civil liability unless they act with "willful misconduct." See § 8550. Given this standard, courts must dismiss a claim against individual defendants unless that claim alleges the individuals "acted with even more than gross negligence or recklessness." See McNeal v. City of Easton, 598 A.2d 638, 642 (Pa. Commw. 1991). Put differently, the Tort Claims Act's immunity is only withheld "where an officer commits an intentional tort or certain negligent acts excepting governmental immunity under § 8542." Holloway v. Brechtse, 279 F. Supp. 2d 613, 615 & n.3 (E.D. Pa. 2003) (citing Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001); see also Jones, 2011 WL 710212, at *5 (dismissing reckless disregard of safety claim as sounding in negligence and noting that immunity is withheld only, at a minimum, with the commission of an intentional tort.").

"A claimant seeking to impose liability on a local agency has the burden of establishing (1) that a common-law or statutory cause of action exists against the local agency or its employee acting within the scope of his employment, and (2) that the negligent act falls within one of the [now nine] exceptions to sovereign immunity enumerated in subsection 8542(b) of the Judicial Code." City of Philadelphia v. Glim, 613 A.2d 613, 616 (1992). Exceptions to governmental

5

immunity "are strictly construed and narrowly interpreted." <u>Weaver v. Franklin Cnty.</u>, 918 A.2d 194, 200 (Pa. Commw. 2007).

Plaintiff has not asserted an intentional tort claim against Officer Trush or Detective Fahy. Nor do her characterizations of negligence in Count II, or any conduct described in the complaint, meet one of the enumerated negligence exceptions in the Tort Claims Act. Accordingly, Defendants Trush and Fahy or immune from liability under state law and the Complaint should be dismissed against them.

### III.  CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiff's complaint against Defendants Trush and Fahy.

Date: May 23, 2024                                    Respectfully submitted,

 /s/ Andrew F. Pomager
Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF JOHN BUTLER, DECEASED BY SHERRI POMROY, EXECUTOR** | **CIVIL ACTION** |
| Plaintiff, | No. 24-1416 |
| v. | |
| **CITY OF PHILADELPHIA, et al.,** | |
| **Defendants** | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendants Adam Trush and Michael Fahy's Motion to Dismiss the Complaint for Failure to State a Claim was filed via the Court's electronic filing system and is available for downloading.

Date: May 23, 2024

Respectfully submitted,

/s/ Andrew F. Pomager
Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov