IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHERRI POMROY, ADMINISTRATRIX OF THE ESTATE OF JOHN BUTLER, DECEASED, : : : : Plaintiff, : : v. : : THE CITY OF PHILADELPHIA, ET AL., : : Defendants. : | CIVIL No. 24-cv-01416-MKC |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Uncontested Motion To Approve Settlement And Distribution Of Wrongful Death And Survival Actions, pursuant to E.D.Pa.Civ.R. 41.2, of Plaintiff Sherri Pomroy, Administratrix of the Estate of John Butler, Deceased, it is hereby **ORDERED** that the Motion is **GRANTED**, and settlement is authorized in the gross amount of One Hundred Seventy Five Thousand Dollars ($175,000.00). Defendant City of Philadelphia shall make all settlement drafts, checks or electronic transfers payable to Petitioner's counsel for deposit in counsel's IOLTA for proper distribution, pursuant to this Order, as follows:

    To Weir LLP (Reimbursement of Expenses): ....................................................$21,277.59

    To Weir LLP (Fees): ...........................................................................................$51,240.00

    To the Estate of John Butler, Deceased (Survival Action):

        Payable to Sherri Pomroy (Reimbursement of Funeral Expenses)............$7,995.00

        Sherri Pomroy as Administratrix of the Estate .........................................$2,005.00

    To Sherri Pomroy (Wrongful Death Beneficiary): .............................................$52,482.41

1

To J.B., a minor (Wrongful Death Beneficiary), in a restricted account:............$20,000.00

To Dylan Pomroy (Wrongful Death Beneficiary),

    in a Pennsylvania ABLE account for Dylan Pomroy: ............................$19,000.00

    directly to Dylan Pomroy.......................................................................$1,000.00

As to J.B,, the minor Wrongful Death Beneficiary, counsel for Plaintiff is hereby authorized to execute all documentation necessary to open a savings account or purchase saving certificate(s), from federally insured banks or savings institutions, in the sum of $20,000.00, not to exceed the insured amount. With funds payable to the minor upon majority. The certificate/savings account shall be titled and restricted as follows:

**J.B.**, a minor not to be withdrawn before the minor attains majority, except for the payment of city, state and federal income taxes on the interest earned by the savings certificate or savings account, or upon prior Order of Court.

Counsel shall file with the Clerk of District Court within sixty (60) days of receipt of the settlement funds from Defendant City of Philadelphia, a declaration from counsel certifying compliance with this Order.

**BY THE COURT**:

_____
MARY KAY COSTELLO,
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRI POMROY, ADMINISTRATRIX OF THE ESTATE OF JOHN BUTLER, DECEASED, | : : : : |
| Plaintiff, | : CIVIL No. 24-cv-01416-MKC : : |
| v. | : : |
| THE CITY OF PHILADELPHIA, ET AL., | : : |
| Defendants. | : |

**MOTION TO APPROVE SETTLEMENT AND DISTRIBUTION OF
WRONGFUL DEATH AND SURVIVAL ACTIONS**

Plaintiff, Sherri Pomroy, Administratrix of the Estate of John Butler, Deceased, by her undersigned counsel, moves pursuant to E.D.Pa.Civ.R. 41.2, for approval of the proposed settlement and distribution, and in support thereof avers the following:

1. Sherri Pomroy, is the widow of John Butler, deceased. Marriage Certificate attached as Exhibit A.

2. Ms. Pomroy was appointed sole Administratrix of the Estate of John Butler, by the Philadelphia County Register of Wills on October 27, 2023. See Letters of Administration attached as Exhibit B.

3. Petitioner's Decedent died intestate on October 29, 2021. Death Certificate attached as Exhibit C.

4. Decedent was born on June --, 1977. He was 44 at the time of his death.

1

5. The Decedent is survived by his widow, Sherri Pomroy, and their sons J.B.,[1] a minor, and Dylan Pomroy, an adult with a disability.

6. Mr. Butler died while in Philadelphia Police custody, following his October 27, 2021 arrest.

7. Decedent was under 65 at the time of his death and therefore was not eligible for Medicare and was not otherwise eligible for Medicare.

8. Plaintiff commenced suit in the Philadelphia Court of Common Pleas by filing a praecipe for writ of summons on September 15, 2023. The matter was removed to this Court on April 4, 2024.

9. A summary of Plaintiff's case is attached as Exhibit D.

10. Defendants deny liability, asserting, in summary, that there was no notice or subjective awareness of a serious medical need as to which any officer was deliberately indifferent and there was no policy or custom that caused or was the moving force behind any alleged constitutional violation suffered by Mr. Butler.

11. With the assistance of United States Magistrate Judge Daniel Arteaga, Movant and Defendants have reached a settlement agreement, subject to Court approval, whereby Defendants agreed to tender the sum of One Hundred Seventy-Five Thousand Dollars ($175,000.00) to settle all claims, including fees and costs, which undersigned counsel believes is an appropriate and reasonable settlement under the circumstances of this case.

---

[1] Pursuant to E.D.Pa.Loc.R.Civ.P. 5.1.3, all personal identifiers such as Social Security numbers, dates of birth, financial account numbers, and names of minor children are being partially redacted from this motion and the exhibits. Counsel for Plaintiff will provide the Court with the name of the minor beneficiary for inclusion in a final order is such manner as the Court may direct.

12. This litigation was intensive, and involved significant attorney time, including investigation, pre-complaint discovery, litigation in the Philadelphia Court of Common Pleas, motion practice in this Court, discovery, expert witness identification and engagement, settlement negotiations, and preparation of this motion, including substantial investigation and consultation with the beneficiaries and Plaintiff regarding potential benefit implications.

13. The attorneys working on the case, including relating to settlement and this motion, have recorded their time, to date, as follows: Alan L. Yatvin – 122 hours; Noah Cohen – 89 hours; Gabrielle Turley – 91 hours; Michael Broadhurst – 24 hours. Additionally, paralegal Erin Marmer has worked 10 hours on this matter.

14. The current hourly rate of lead counsel for Plaintiff, Alan L. Yatvin, is $875. See *Rahman v. Leone*, No. CV 23-4110, 2024 WL 3927215, at *2 (E.D. Pa. Aug. 23, 2024) (approving Yatvin's then rate of $825/hr). *See also Dennis v. Jastrzembski*, No. CV 18-2689, 2025 WL 1582452 (E.D. Pa., June 4, 2025) (Sanchez, J.) (Finding the CLS rate table inadequate for rates of highly experienced attorneys with years of experience beyond the high end of the table). The current hourly rate of co-counsel Gabrielle Turley is $375 per hour. The hourly rate of prior co-counsel for Plaintiff, Noah Cohen, who has left the firm, was $410 per hour. The current hourly rate of Michael Broadhurst a trust and estates attorney who has worked on the allocation options and benefits issues, is $480 per hour. The current hourly rate of paralegal Erin Marmer is $225 per hour.

3

15. The lodestar (hours x reasonable hourly rates) is, collectively, $191,000 (rounded down).

16. During the course of litigation, undersigned counsel has expended the sum of $21,277.59 in costs. The itemization of these expenditures is attached as Exhibit E.

17. Plaintiff signed a representation agreement with counsel, providing for contingency fees of forty percent (40%) of any gross recovery. Exhibit F, attached.

18. Counsel for Plaintiff has compromised the attorney fees claimed in this matter from the agreed contingency of forty percent (40%) of the gross recovery, to one-third (1/3) of the net recovery after litigation costs, a substantial reduction.

19. Counsel has not received any collateral payments as an attorney's fee for representation in this or any other matter arising from this incident.

20. Decedent's Wrongful Death Statute, 42 Pa.C.S. § 8301, beneficiaries are as follows:

    a. Sherri Pomroy (Widow)

    b. J.B. (Minor Son)

    c. Dylan Pomroy (Adult Son)

21. Decedent had a severe and serial controlled substance dependency and there is no direct evidence of conscious pain and suffering associated with his death. Accordingly, the amount of the settlement attributed to the survival action is considerably less than that attributed to the wrongful death action as the settlement amount was largely based upon the loss suffered by the Decedent's widow and

sons. *See Rettger v. UPCM Shadyside*, 991 A.2d 915, 933 (Pa. Super. 2010) (the economic loss to the decedent's family includes the "profound emotional and psychological loss" suffered upon the death of the individual)

22. Decedent's estate paid a total of $7,995.00 in funeral *expenses.* Exhibit G.

23. For purposes of the Survival Action, 42 Pa. C.S. § 8302, Decedent, who died intestate, is survived by the following heirs and beneficiaries of the Estate:

    a. Sherri Pomroy (Widow)

    b. J.B. (Minor Son)

    c. Dylan Pomroy (Adult Son)

24. Plaintiff proposes placing $19,000.00 of Dylan's Wrongful Death proceeds in a Pennsylvania ABLE account (the annual maximum permitted), with the balance of $1,000.00 paid directly to him, which will allow Dylan to continue to receive Supplemental Security Income (SSI) and Medical Assistance benefits, if otherwise eligible. See https://paable.gov/benefits/ (last viewed 9/4/25).

25. Sherri Pomroy, approves of the settlement and proposed distribution as Plaintiff, Administrator of the Estate, in her own right and as parent and natural guardian of her minor son J.B. Declaration attached hereto as Exhibit H.

26. Mr. Butler's minor son, J.B., (16 years of age) approves of the settlement and proposed distribution. Declaration attached hereto as Exhibit I.

27. Mr. Butler's adult son, Dylan Pomroy, approves of the settlement and proposed distribution. Declaration attached hereto as Exhibit J.

5

28. The Commonwealth of Pennsylvania Department of Revenue has confirmed that it has no objections to the proposed allocation of the proposed settlement. Exhibit K.

29. On October 7, 2025, notices of the proposed settlement and distribution, enclosing a draft of this motion, were sent to the Social Security Administration and the Pennsylvania Department of Human Services. These letters were sent for the purpose of informing the agencies, some of which provide certain benefits to the herein named beneficiaries. Because there is no special needs trust involved with this proposed settlement and distribution, no approval by these agencies is required.

30. A copy of the release to be executed upon Court approval is attached hereto as Exhibit L.

31. Although Defendants do not adopt the factual recitations or any legal bases for asserting liability as set forth herein, and deny all liability, they do not oppose the relief requested.

32. Undersigned counsel hereby certifies that this motion is uncontested, accordingly, no memorandum/brief is being filed. E.D.Pa.L.Civ.R. 7.1(c).

**WHEREFORE**, Plaintiff requests that she be permitted to enter into a release and settlement with Defendants in the wrongful death and survival actions as recited above, and that the Court enter an Order approving settlement in the gross amount of One Hundred Seventy-Five Thousand Dollars ($175,000.00), with all settlement funds to be paid to Plaintiff's counsel, for distribution as follows:

```
To Weir LLP (Reimbursement of Expenses): ....................................$21,277.59
To Weir LLP (Fees): ...........................................................................$51,240.00
```

To the Estate of John Butler, Deceased (Survival Action):
    Payable to Sherri Pomroy (Reimbursement of Funeral Expenses)............$7,995.00
    Sherri Pomroy as Administratrix of the Estate .........................................$2,005.00
To Sherri Pomroy (Wrongful Death Beneficiary): .............................................$52,482.41
To J.B., a minor (Wrongful Death Beneficiary),
in a restricted account: ....................................................................................$20,000.00
To Dylan Pomroy (Wrongful Death Beneficiary),
    in a Pennsylvania ABLE account for Dylan Pomroy: ............................$19,000.00
    directly to Dylan Pomroy...........................................................................$1,000.00

Respectfully submitted,

**WEIR LLP**

_/s/ Alan L. Yatvin_

Alan L. Yatvin, Esquire
Gabrielle Turley, Esquire

Dated: October 9, 2025    *Attorneys for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I, Alan L. Yatvin, Esquire, hereby certify that I have on this date caused to be served a true and correct copy of the foregoing motion and exhibits upon Decedent's intestate heirs and beneficiaries, as follows:

>Sherri Pomroy
>J.B.
>3742 M. Street
>Philadelphia, PA 19124
>
>Dylan Pomroy
>2703 E Ontario St.
>Philadelphia, PA 19134

A copy of said motion was also served this date upon all counsel of record *via electronic filing*.

WEIR LLP

_____
Alan L. Yatvin, Esquire
*Attorney for Plaintiff*

Date: October 9, 2025